# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY PFITZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-676-JAR |
| ) | |
| SMITH & WESSON CORP., a Delaware ) | |
| corporation, and REMINGTON ARMS ) | |
| COMPANY, LLC, a Delaware limited ) | |
| liability company, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Remington Arms Company, LLC's Rule 12(b)(6) and 9(b) Motion to Dismiss Counts VIII and XI[1] of Plaintiff's Complaint (Doc. No. 9) and Defendant Smith & Wesson Corporation's Partial Motion to Dismiss Counts III and IV of Plaintiff's Complaint. (Doc. No. 12) The motions are fully briefed and ready for disposition.

### Background

Plaintiff, Jeffrey Pfitzer, brings this action against Defendants Smith & Wesson Corporation and Remington Arms Company, LLC seeking damages for personal injuries he sustained in a shooting incident while using a Smith & Wesson .380 Bodyguard handgun loaded with Remington UMC 380 Automatic 95 GR ammunition. Alleging that both the gun and ammunition are defective and unreasonably dangerous, Plaintiff asserts the same claims against both defendants sounding in negligence, strict products liability, breach of express warranty, and state law violations of the Missouri Merchandising Practices Act ("MMPA"), Mo.Rev.Stat. § 407.010, et seq. The complaint

---

[1] The ninth count of Plaintiff's complaint is incorrectly numbered as Count XI.

seeks both compensatory and punitive damages. Defendants move to dismiss those counts alleging breach of express warranty and violation of the MMPA for failure to plead the requisite facts to support these claims. Although Defendants frame their motions as motions to dismiss, the Court treats them as motions for more definite statement under Fed.R.Civ.P. 12(e).

**Legal Standard**

Under Fed.R.Civ.P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." Love v. Career Educ. Corp., 2012 WL 10614, at *1 (E.D.Mo. Jan. 3, 2012) (quoting McCoy v. St. Louis Pub. Schs, 2011 WL 4857931 (E.D.Mo. Oct. 13, 2011)). A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Id. (citing Tinder v. Lewis County Nursing Home Dist., 207 F.Supp.2d 951, 959 (E.D.Mo.2001)).

**Discussion**

**Breach of express warranty claims in Counts III and VIII**

As stated above, Plaintiff alleges claims for breach of express warranty. Under Missouri law, express warranties by the seller are created in relevant part as follows:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Gannon Joint Venture Ltd. Partnership v. Masonite Corp., 2008 WL 2074107, at *2 (E.D. Mo. May 14, 2008) (quoting Mo.Rev.Stat. § 400.2-313(1)(a), (b) (1994)). Thus, "[t]o prevail on a claim of breach of express warranty, plaintiffs must demonstrate: 1) that there was a sale of goods; 2) the seller made a statement of fact about the kind or quality of [ ] those goods; 3) the statement of fact was a material factor inducing the buyer to purchase the goods; 4) the goods did not conform to that statement of fact; 5) the nonconformity injured the buyer; and 6) the buyer notified the seller of the nonconformity in a timely fashion." Id. (quoting Mouser v. Caterpillar, Inc., 2000 WL 35552637 at *18 (E.D.Mo. Oct.6, 2000)).

In Count III of his complaint, Plaintiff broadly alleges that Smith & Wesson affirmatively represented "in its informational and marketing efforts" to the public, including Plaintiff, that its handgun was "as safe and dependable as handguns made from heavier and stronger materials." (Compl., ¶¶ 18, 19, 21, 64-69) In Count VIII, Plaintiff alleges that Remington Arms "affirmatively and expressly warranted that the .380 ammunition was safe and dependable." (Compl., ¶¶ 34, 35, 83-88)

In support of its motion, Smith & Wesson argues that Plaintiff fails to identify the specific statements made on which he bases his claims, citing In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liab. Litg., 687 F. Supp. 2d 897, 904 (W.D. Mo. 2009) ("Plaintiffs' failure to identify any expressions made by Defendants to them about their products precludes any claim that an express warranty was made or violated."). (Mem. in Supp., Doc. No. 13, pp. 5-7) Further, to the extent he relies on any alleged omission[2], Plaintiff fails to state a claim because "omissions are not affirmative

---

[2] See Compl. at ¶18: "Defendant, Smith & Wesson Corp. knew that Plaintiff's Smith & Wesson .380 Bodyguard was, because of its size and light weight, not as safe and dependable as handguns made from heavier and stronger materials [and] intentionally concealed [this] fact."

3

representations of any sort, and thus cannot support a warranty claim, because express warranties must be explicit." In re Gen. Motors Corp. Anti-Lock Brake Products Liab. Litg., 966 F.Supp. 1525, 1531-32 (E.D. Mo. 1997). (Mem. in Supp., Doc. No. 13, p. 7)

Remington Arms argues that Plaintiff's warranty claim should be dismissed for failure to plead that he provided Remington Arms with notice prior to the filing of this lawsuit, citing Mo. Rev. Stat. § 400.2-607(3)(a) ("The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy."). (Mem. in Supp., Doc. No. 10, p. 4) Notwithstanding a lack of notice, Remington Arms argues the warranty claim still fails because Plaintiff does not allege a material fact concerning the character or quality of the ammunition on which he justifiably relied. (Reply, Doc. No. 20, pp. 2-3)

In response, Plaintiff points to several paragraphs in his complaint that he contends sufficiently plead facts that the handgun and ammunition was not safe and dependable.[3] For example, Plaintiff alleges that Smith & Wesson "made a conscious decision to manufacture the handgun from lightweight, composite materials, rather than the heavier and stronger materials from which such handguns have traditionally been made," "knew that plaintiff's [gun] was, because of its size and light weight, not as safe and dependable as handguns made from the heavier and stronger materials that have traditionally been used," and affirmatively represented that the handgun was as safe and dependable as handguns made from heavier and stronger materials." (Compl., ¶¶ 16, 18) Plaintiff also alleges that Remington Arms "affirmatively and expressly warranted that the [ammunition] was safe

---

[3] The paragraphs are set out on pages 2-3 of Plaintiff's Memorandum of Law in Opposition to Defendant Smith & Wesson's Motion to Dismiss (Doc. No. 15) and page 2 of Plaintiff's Memorandum of Law in Opposition to Defendant Remington Arms' Motion to Dismiss. (Doc. No. 14)

and dependable," and that it "did not perform as it was marketed and represented to perform" because "when the ammunition was fired, the wall of the casing blew out." (Compl., ¶¶ 33, 34, 41)

The basis of Plaintiff's warranty claim are the statements that the gun and ammunition were "safe and dependable." This is not, in the Court's opinion, a sufficient factual allegation about the nature of the express warranty to state a claim. "An affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." Carpenter v. Chrysler Corp., 853 S.W.2d 346, 357 (Mo.Ct.App. E.D. 1993). See also, Heisner ex rel. Heisner Genzyme Corp., 2008 WL 2940811, at *8 (N.D. Ill. July 25, 2008) (allegation that defendant expressly warranted to plaintiff orally and in publications, package inserts and other written materials, that the product was "safe, effective, fit, and proper for its intended use," failed to adequately identify the affirmation, promise, description or sample that formed the basis of his bargain with defendant, thus failing to put defendant on notice as to the substance of this claim); Koch v. Kaz USA, Inc., 2011 WL 2607112, at *3 (D. Colo. July 1, 2011) (statements such as "durable," "quality construction for long lasting performance," and "safety matters" reflected defendant's opinion, commendation or praise of its product and were not actionable); Johnson v. Brown & Williamson Tobacco Corp., 122 F.Supp.2d 194, 206 (D. Mass. 2000) (complaint was insufficient when it stated only that the defendant extended an express warranty through its "advertising, marketing and other efforts.") Thus, Plaintiff's Counts III and VIII are insufficient and the motions for more definite statement are well taken. The Court will grant Plaintiff twenty (20) days from the date of this order to file an amended complaint to correct these pleading deficiencies.

**Violations of Missouri Merchandising and Practices Act in Counts IV and XI [sic]**

"The MMPA is a broad statute, prohibiting '[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce....'" Blake, 2009 WL 140742, at *2 (citing Mo.Rev.Stat. § 407.020.1). Fed.R.Civ.P. 9(b) requires that allegations of fraud be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." Love, 2012 WL 10612, at *1 (quoting Crest Constr. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir.2011)). "Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims." Id. (citations omitted). See also, Khaliki v. Helzberg Diamond Shops, Inc., 2011 WL 1326660, at *3 (W.D. Mo. Apr. 6, 2011).

In Counts IV and XI [sic], Plaintiff broadly and nonspecifically alleges that Smith & Wesson and Remington Arms engaged in "deception, fraud, false promise, misrepresentation and unfair business practices" and "concealed, suppressed and omitted material facts in the marketing and selling" of the handgun and ammunition in violation of the MMPA (Compl., ¶¶ 70-73, 89-92) These bare legal conclusions fail to meet the particularity requirements of Fed.R.Civ.P. 9(b). Plaintiff has not detailed the specific unlawful practices Defendants are alleged to have committed in marketing and selling their products or the "material facts" allegedly concealed, suppressed and omitted. See, Baryo v. Phillip Morris USA, Inc., 435 F.Supp.2d 961, 968 (W.D. Mo. 2006) (allegations that defendants represented to the general public, including plaintiff, that: cigarettes were not addictive; smoking was healthy; there was no evidence linking smoking with cancer or other diseases; their paramount concern was the public health; and that they would support independent research on the

relationship between smoking and health and disclose the results of such research, found to be conclusory allegations and insufficient to satisfy Rule 9(b)). Accordingly, Defendants' motions for more definite statement will be granted with respect to Counts IV and XI [sic] of Plaintiff's complaint. The Court will grant Plaintiff twenty (20) days from the date of this order to file an amended complaint to bring his MMPA claims into conformity with the heightened pleading requirements of Rule 9(b).[4]

For these reasons,

**IT IS HEREBY ORDERED** that Remington Arms Company, LLC's Rule 12(b)(6) and 9(b) Motion to Dismiss Counts VIII and XI of Plaintiff's Complaint [9] and Defendant Smith & Wesson Corporation's Partial Motion to Dismiss Counts III and IV of Plaintiff's Complaint [12], construed as motions for more definite statement, are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted twenty (20) days from the date of this Order to amend his complaint in accordance with the foregoing.

Dated this 18th day of February, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

---

[4] Defendants also argue Plaintiff's claim fails because the MMPA does not apply to claims for personal injuries. (Doc. No. 10, p. 4; Doc. No. 13, pp. 8-9) At this point the Court need not decide the issue; however, in Sunset Pools of St. Louis, Inc. v. Schaefer, 869 S.W.2d 883, 886 (Mo.Ct.App. 1994), the court explained that because "[t]he purpose of the [MMPA] is to supplement the definitions of common law fraud in an attempt to preserve fundamental honest, fair play and right dealings in public transactions [,] ... we shall refer to the remedies for common law fraud" to determine what an MMPA plaintiff may recover. Id. at 886. Citing Sunset Pools, the district court in Baryo, 435 F.Supp.2d at 968, stated that "Missouri does allow damages for personal injuries in common law fraud cases under the right circumstances. That reasoning applies with equal force to claims under the MMPA."